UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| QUENTON DARVON DAVIS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GLADIEUX, et al.,<br><br>　　　　Defendants. | CAUSE NO. 1:21-CV-294-HAB-SLC |

OPINION AND ORDER

Quenton Darvon Davis, a prisoner without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. Mr. Davis styled his response as a motion to proceed in forma pauperis (ECF 6), but he has already been granted leave to proceed in forma pauperis in this case. (ECF 4.) His motion will be denied as unnecessary. Nevertheless, upon review of his response and the inmate trust fund ledgers attached thereto, the court will discharge the show cause order and proceed to screen the complaint. Mr. Davis is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded

factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Davis is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Davis is incarcerated at Allen County Jail, but he states that he is not a pretrial detainee. Instead, at the time of the relevant events, he had already been convicted of an offense and was serving a criminal sentence.[1] (ECF 2 at 4.) He alleges that during April and May 2021, he was observing Ramadan, which required him to fast during the day. He claims that during this period he and other Muslim inmates were given a "cold sack lunch nightly." He claims in general terms that the meals were inadequate to meet his needs, and that he had to purchase items from the jail commissary to avoid going hungry. He also embarked on a hunger strike to "garner attention" to the fact that he was being served sack lunches for dinner, which caused him to get headaches, feel dizzy, and suffer anxiety and other emotional problems. He believes he did not get adequate care from the medical unit during his hunger strike. Based on these events, he sues Allen County Sheriff David Gladieux; Tiger Snacks, the private corporation that provides food at the jail; and Quality Correctional Care, the private corporation that provides medical care at the jail. He seeks compensatory and punitive damages, among other relief.

---

[1] Public records confirm that Mr. Davis was convicted of intimidation on March 19, 2021, and was sentenced to approximately two years in prison. *See State v. Davis,* 02D04-2006-F6-000756 (Allen Sup. Ct. decided Mar. 19, 2021). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). Both the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") prohibit prisons from imposing a substantial burden on an inmate's religious practice, including with respect to a religious diet. *See* 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 574 U.S. 352 (2015); *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). "[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Thompson*, 809 F.3d at 380.

Furthermore, the Eighth Amendment prohibits unduly harsh conditions of confinement. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), nor does it guarantee inmates food that is hot or "even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). Nevertheless, inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th

Cir. 2006). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The deliberate indifference standard imposes a "high hurdle," for it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012).

Mr. Davis's allegations about the food he was served during Ramadan could give rise to First or Eighth Amendment concerns, but there is no factual content in the complaint to plausibly suggest that the sack lunches he received were nutritionally inadequate, or that they contained foods that violated his religious beliefs. Even though the complaint is 27 pages long with attachments, he provides very little detail about what was in the meals.[2] He states in general terms that they did not meet his needs, but merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [the plaintiff] that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). It appears that he did not like being served a cold sack meal for dinner, but the Constitution did not entitle him to hot foods at every meal, or to the food of his choosing. *Lunsford*, 17 F.3d at 1578. He claims that the meals did not meet "Indiana Jail Standards" or "American Correctional Association Standards," but this does not amount to a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs

---

[2] The court notes that he attached a number of documents to his complaint, but many of them are of poor quality and are not legible.

4

from constitutional violations, not violations of state laws or . . . departmental regulations"). He appears to complain that he was served foods that were different from what other inmates were receiving, but inmates who request a specific religious diet would necessarily be receiving foods that are different from non-religious inmates. The court cannot discern any viable constitutional claim from this allegation.

Additionally, the only defendants he names in connection with his claim about the food are Sheriff Gladieux and Tiger Snacks, the corporation that provides meals at the jail. As to Sheriff Gladieux, he does not describe how this high-ranking official was personally involved in these events, if at all. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Sheriff cannot be held liable simply because he holds a supervisory position at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison officials can be held liable for a constitutional violation committed by a subordinate only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is no plausible basis in the complaint to infer that the Sheriff was personally involved in serving the sack lunches to inmates, that he knew about a constitutional violation committed by a subordinate employee and condoned or facilitated their actions, or that he otherwise turned a blind eye to Mr. Davis's rights.

As to Tiger Snacks, this private corporation cannot be held liable simply because it employs individuals who prepare meals at the jail. *Mitchell*, 895 F.3d at 498; *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Nor does the complaint include allegations

5

to plausibly suggest that Tiger Snacks had an unconstitutional policy or custom that caused him injury. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *Grieveson*, 538 F.3d at 771. He has not alleged a plausible constitutional claim in connection with the meals he was served during Ramadan.

The Eighth Amendment also entitles inmates to adequate medical care for serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Negligence, even gross negligence, is not enough to violate the Eighth Amendment, and courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Although Mr. Davis alleges that he experienced some discomfort during this period, such as headaches and dizziness, it appears this was due to his hunger strike, rather than to the meals themselves. Inmates cannot be permitted to "engineer" a constitutional violation in this fashion. *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005). Furthermore, "[n]ot every ache and pain . . . involving some discomfort can support an Eighth Amendment claim." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). It cannot be determined from his sparse allegations whether he had an objectively seriously medical need or whether any medical provider acted with deliberate indifference to that need. The only defendant he sues in connection with his medical care is Quality Correctional Care, which is a corporation. As stated above, this corporate

6

defendant cannot be held liable simply because it employs individuals at the jail who provide medical care to inmates. *Mitchell*, 895 F.3d at 498; *Grieveson*, 538 F.3d at 771. Nor does his complaint include allegations to plausibly suggest that Quality Correctional Care had an unconstitutional policy or custom that caused him injury. *See Gill*, 850 F.3d at 344; *Grieveson*, 538 F.3d at 771.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Davis an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DISCHARGES the order to show cause;

(2) DENIES the motion to proceed in forma pauperis (ECF 6) as unnecessary;

(3) GRANTS the plaintiff until **January 10, 2022**, to file an amended complaint if he so chooses; and

(4) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on December 7, 2021.

    s/ *Holly A. Brady*  
    JUDGE HOLLY A. BRADY  
    UNITED STATES DISTRICT COURT